UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAHIR ZULFIQAR,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                    Defendant. | CASE NO. 2:16-cv-00526 RAJ JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: October 21, 2016 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. 10, 13, 14).

After considering and reviewing the record, the Court finds that the ALJ erred when she discounted the medical opinion of Dr. Beenish Shoro. Had the ALJ properly considered Dr. Shoro's opinion regarding plaintiff's mental impairments and functional

limitations, the residual functional capacity may have included additional limitations. Because this error is not harmless, the ALJ's decision should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, TAHIR ZULFIQAR, was born in 1964 and was 46 years old on the alleged date of disability onset of December 13, 2010 (*see* AR. 282-83). Plaintiff has a Bachelor's Degree in electronics engineering (AR. 50). Plaintiff has work experience as a system engineer, software test engineer, sales representative/cashier and as a lecturer/teacher on computer software (AR. 333-47).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disk disease (DDD) of the lumbar and cervical spine (status/post cervical fusion), diabetes mellitus, coronary artery disease (status/post myocardial infarction), major depressive disorder, schizoaffective disorder versus schizophrenia versus psychotic disorder not otherwise specified (NOS), and personality disorder NOS (20 CFR 404.1520(c))" (AR. 21). At the time of the first hearing, plaintiff was living in Pakistan with his wife and children, but came back to the United States to attend the hearing (AR. 50, 55).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 92-103, 104-17). Plaintiff's requested hearing was held before Administrative Law Judge Ilene Sloan ("the ALJ") on February 27, 2012 (*see* AR. 44-

84). On March 13, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 119-40). The Appeals Council remanded the matter to ALJ Sloan for further consideration on August 2, 2013 (*see* AR. 141-45). Following a second hearing where plaintiff failed to appear, plaintiff waived his right to attend and hold a second hearing (*see* AR. 18, 281). The ALJ issued a second written decision on September 18, 2014, again concluding plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 18-37).

On February 12, 2016, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-5). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in April, 2016 (*see* Dkt. 2). Defendant filed the sealed administrative record regarding this matter ("AR.") on June 14, 2016 (*see* Dkt. 8).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or not the ALJ properly found plaintiff not credible; (2) Whether or not the ALJ provided specific and legitimate reasons to reject three treating physicians', Don Schimmel, PhD, Muhammad Siddiq, M.D., PhD, MPH, and Beenish Shoro, M.D., opinions regarding plaintiff's mental health limitations; (3) Whether or not the plaintiff did not meet listing 12.03; and (4)Whether or not the ALJ errors support remand for an immediate award of benefits (*see* Dkt. 10, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)    Whether the ALJ properly evaluated the medical opinion evidence.**

Plaintiff argues the ALJ erred in her treatment of the medical opinions of Drs. Don Schimmel, Ph.D., Muhammad Siddiq, M.D., Ph.D., MPH, and Beenish Shoro, MBBS, DPM (Dkt. 10, pp. 12-15).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881

F.2d 747, 751 (9th Cir. 1989)). The ALJ may not reject a brief, conclusory opinion from a treating physician if the opinion is consistent with the claimant's testimony and with the doctor's treatment notes. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).

*(a) Dr. Beenish Shoro*

Dr. Beenish Shoro, who has a diploma in psychiatric medicine (*see* AR. 495), treated plaintiff for mental health impairments in 2011, 2012, and 2013 (*see* AR. 492-95, 499-504, 505-06, 521-22, 528-30, 531-32, 536-540, 542-44, 551-55). In October 2011, Dr. Shoro completed a mental status examination of plaintiff, noting that plaintiff's mood was blunt, he had paranoid ideations, and his cognitive function was intact except for confusion and attention deficits (AR. 499). At follow-up visits in November and December 2011 and January 2012, Dr. Shoro conducted additional mental status examinations and observed that plaintiff was still experiencing confusion and attention deficits as well as paranoid delusions, despite the fact that plaintiff was doing better than his first visit (*see* AR. 500-04).

In January 2012, Dr. Shoro completed a mental impairment questionnaire regarding plaintiff's mental impairments and functional limitations (*see* AR. 492). He diagnosed plaintiff with paranoid schizophrenia and noted plaintiff was treated with antipsychotics and antidepressants, but observed plaintiff suffers side effects from those medications, including "[b]ad memory, lack of focus and concentration" (AR. 492). Dr. Shoro again observed that plaintiff has a blunt mood, has paranoid thoughts, is suspicious and mistrustful, has attention deficits and confusion as well as memory problems" (AR. 492). On a check-box form, Dr. Shoro opined that plaintiff has a number of symptoms,

including paranoid delusions, illogical thinking, vigilance and scanning (AR. 493). Dr. Shoro also opined that plaintiff has marked functional limitations in activities of daily living and in maintaining social functioning, extreme functional limitations related to concentration, persistence or pace, and four or more episodes of decompensation in a twelve month period (AR. 494).

In May 2013, Dr. Shoro charted that plaintiff was experiencing a relapse of symptoms and a decline in cognitive functioning, including disturbed attention and concentration, depressive symptoms, aggressiveness, irritability, and paranoid ideation (AR. 528; *see also* AR. 539). In July 2013, Dr. Shoro opined that plaintiff was experiencing an episode of decompensation (AR. 532). At another July 2013 visit, Dr. Shoro observed that plaintiff "is a known case of schizophrenia … since 1997" (AR. 537).

Dr. Shoro completed a second mental impairment questionnaire in December 2013 (*see* AR. 542-44, 551-54). He noted that he was treating plaintiff almost every month (AR. 542). He also observed plaintiff continued to experience side effects from his antipsychotics and antidepressants, including memory problems (AR. 542). Dr. Shoro again checked boxes indicating plaintiff's symptoms, including paranoid thinking, difficulty thinking or concentrating, and intense or unstable interpersonal relationships and impulsive and damaging behavior (AR. 543). He opined that plaintiff has marked impairments in activities of daily living, in maintaining social functioning, and in concentration, persistence, or pace, as well as four or more repeated episodes of decompensation (AR. 553).

The ALJ afforded Dr. Shoro's opinion "minimal weight" for five reasons (*see* AR. 32). First, the ALJ determined that Dr. Shoro "relied heavily on the claimant's subjective complaints and I do not find the claimant's allegations to be credible" (AR. 32). Second, the ALJ determined Dr. Shoro's opinions were inconsistent with his treatment records (*see id.*). Third, the ALJ gave Dr. Shoro's opinion minimal weight because he used a "checked box format … without any explanation" (AR. 32). Fourth, the ALJ discounted Dr. Shoro's opinion because the opinion "states that the information provided is not valid for court" (AR. 32). Finally, the ALJ discounted Dr. Shoro's opinion because he only treated plaintiff "a mere handful of visits" in 2013 and "only a few visits in 2011, yet Dr. Shoro states that the claimant has had 25 years of chronic mental illness" (AR. 32). Plaintiff maintains none of the reasons offered to discount Dr. Shoro's opinions is specific and legitimate or supported by substantial evidence. The undersigned agrees.

First, the ALJ discounted Dr. Shoro's opinion because he determined Dr. Shoro "did not have the claimant perform any psychological testing" and found he "relied heavily on the claimant's subjective complaints" (AR. 32). According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.,* 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen,* 885 F.2d 597, 605 (9th Cir. 1989))). However, "when an opinion is *not more heavily* based on a patient's self-reports than on clinical observations, there is no evidentiary basis for

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 7

rejecting the opinion." *Ghanim v. Colvin,* 763 F.3d 1154, 1162 (9th Cir. 2014) (emphasis added) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

Here, substantial evidence does not support the ALJ's finding that Dr. Shoro did not conduct objective testing. The evidence of record shows that Dr. Shoro conducted several mental status examinations at different appointments with plaintiff (*see*, *e.g.*, AR. 499, 501). In addition, Dr. Shoro regularly charted his observations from visits with plaintiff, including that plaintiff was in a poor mood, had attention deficits, and was aggressive (*see* AR. 499, 528, 538-40). Dr. Shoro also charted plaintiff's paranoid delusions and hypervigilance (*see*, *e.g.*, AR. 528, 538). Thus, the record demonstrates that Dr. Shoro did not base his medical assessment more heavily on self-reported symptoms. Rather, Dr. Shoro provided a medical source statement based on his observations, the objective results of mental status examinations, and plaintiff's self-reported symptoms. Thus, the ALJ's decision discounting Dr. Shoro's assessment as based upon plaintiff's subjective complaints is not a specific and legitimate, nor is it supported by the record as a whole given that Dr. Shoro conducted mental status examinations.

Second, the ALJ determined Dr. Shoro's opinions were inconsistent with his treatment records (AR. 32). The ALJ did not cite to any evidence in the record inconsistent with Dr. Shoro's opinion, nor did the ALJ explain why her conclusions—rather than Dr. Shoro's clinical observations and conclusions—are correct. *See* AR 26-27. The ALJ's statement lacks the specificity required by the Court. As noted by the Ninth Circuit:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. Moreover[,] the ALJ's analysis does not give proper weight to the subjective elements of the doctors' diagnoses. The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations.

*Embrey*, 849 F.2d at 421-22 (internal footnote omitted); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"). Here, the ALJ provided only one conclusory statement noting Dr. Shoro's assessment was inconsistent with his treatment notes. The ALJ's blanket statement is insufficient to reject Dr. Shoro's opinion. *See Embrey*, 849 F.2d at 421-22; *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (the ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Third, the ALJ gave Dr. Shoro's opinion minimal weight because he used a "checked box format … without any explanation" (AR. 32). Discrediting a doctor's opinion simply because he used a check box form is not valid unless that opinion is inconsistent with the underlying clinical records. *See Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 ("the ALJ was [not] entitled to reject [medical] opinions on the ground that

they were reflected in mere check-box forms" where the "check-box forms did not stand alone" but instead "reflected and were entirely consistent with the hundreds of pages of treatment notes"); *see also Neff v. Colvin*, 639 F. App'x 459 (9th Cir. 2016) (unpublished); *Esparza v. Colvin*, 631 F. App'x 460, 462 (9th Cir. 2015) (unpublished). Thus, discounting Dr. Shoro's opinion because he used a check box form was legal error, particularly where, as here, Dr. Shoro's opinion was accompanied by several treatment records. Moreover, the ALJ's blanket statement rejecting Dr. Shoro's opinion simply because it was in a check-box form, without further analysis, lacks the level of specificity required to reject Dr. Shoro's opinion. *See Embrey*, 849 F.2d at 421-22.

Fourth, the ALJ discounted Dr. Shoro's opinion because the opinion "states that the information provided is not valid for court" (AR. 32). At the top of some of the treatment records from the Bismillah Taqee Hospital in Pakistan, where Dr. Shoro apparently works, the pages note "Not Valid for Court" (*see* AR. 501, 502, 502). As an initial matter, without an explanation from the ALJ, the Court cannot determine why the ALJ would discount a medical opinion because it contains a disclaimer "Not Valid for Court". To the extent the disclaimer relates to an evidentiary rule in Pakistani courts, "[t]he Federal Rules of Evidence do not apply to the admission of evidence in Social Security administrative proceedings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 n.4 (9th Cir. 2005) (collecting cases). By extension, rules of evidence in foreign courts will not apply to the admission of evidence in Social Security administrative proceedings. Regardless, based on the record before it, in this case the Court cannot determine if the ALJ's reasoning is supported by substantial evidence without a more detailed

explanation. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (courts require "the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Moreover, without an explanation in the evidence of record, the Court cannot determine the reason why the medical records contain the disclaimer "Not Valid for Court". An ALJ has the duty "to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted). The duty to fully and fairly develop the record may be discharged "in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.* at 1150 (citing *Tidwell*, 161 F.3d at 602; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996)). Thus, to the extent the ALJ requires additional information regarding the disclaimer and the purpose for the disclaimer, the ALJ should more fully develop the record to ensure plaintiff's interests are properly considered.

Fifth, the ALJ discounted Dr. Shoro's opinion because he only treated plaintiff "a mere handful of visits" in 2013 and "only a few visits in 2011, yet Dr. Shoro states that the claimant has had 25 years of chronic mental illness" (AR. 32). When evaluating the weight to be given to a treating doctor, an ALJ may consider the length of the treatment relationship to determine what weight to afford the doctor's opinion. *See* 20 C.F.R. § 404.1527(c). Nevertheless, here, the ALJ appears to have discounted Dr. Shoro's opinion because he stated plaintiff "has had 25 years of chronic mental illness" and did not reject

his opinion based upon the number of visits with Dr. Shoro (*see* AR. 32). Substantial evidence does not support discounting Dr. Shoro's opinion because he charted plaintiff's lengthy mental health treatment. Indeed, other doctors similarly observed that plaintiff has been treated for years for his chronic mental illness. For example, Dr. Jon Berner, a psychiatrist, observed that plaintiff "brings in a history since 1990 of mood disorder [and] [r]eview of the history [] suggests a much more prominent psychotic disorder remarkable for paranoid delusions …." Dr. Muhammad Siddiq, also a psychiatrist, observed that plaintiff appeared at a psychiatric evaluation with his wife and brother "who brings in a history since 1989 of major depression, mood disorder and schizo-affective disorder and Schizophrenia-Paranoid …." Thus, substantial evidence does not support the ALJ's determination that Dr. Shoro's opinion should be discounted because he observed plaintiff had a 25 year history of mental health impairments.

Therefore, the ALJ erred as none of the reasons provided by the ALJ to reject Dr. Shoro's opinion are specific, legitimate, and supported by substantial evidence. *See Reddick*, 157 F.3d at 725.

The Court also concludes that the error in the evaluation of Dr. Shoro's opinion is not harmless. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2011) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error

harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout*, 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)). Here, because the ALJ improperly disregarded the opinions of Dr. Shoro in forming the RFC and plaintiff was found to be capable of performing past relevant work as well as other jobs existing in the national economy based on that RFC, the error affected the ultimate disability determination and is not harmless.

### *(b) Drs. Muhammad Siddiq and Don Schimmel*

Plaintiff also contends the ALJ erred in her treatment of Drs. Siddiq and Schimmel (Dkt. 10, pp. 12-13). Dr. Schimmel conducted a nonexamining psychological evaluation of plaintiff on February 25, 2014 and as part of his evaluation reviewed medical records, including Dr. Shoro's examinations and clinical findings (*see* AR. 556-8). He also reviewed Dr. Siddiq's medical records and findings (*see id.*). The Court has already concluded that the ALJ erred by failing to evaluate the medical opinion of Dr. Shoro, *see supra*. Therefore, because Dr. Schimmel's opinion relies in part on a review of Drs. Shoro's and Siddiq's medical opinions, and based on the record as a whole, the ALJ should reevaluate the medical opinion evidence anew following remand of this matter.

**(2) Whether the ALJ properly evaluated plaintiff's subjective complaints and testimony.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

**(3) Whether the ALJ improperly found plaintiff does not meet Listing 12.03.**

Plaintiff asks the Court to determine plaintiff is disabled at step three, finding he meets Listing 12.03 (Dkt. 12, pp. 14-15). At step three, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. § 416.920(d).

Here, the ALJ determined that plaintiff does not meet a listing for mental impairments (*see* AR. 22-25). As part of that determination, the ALJ rejected Dr. Shoro's medical opinions regarding plaintiff's marked limitations and episodes of decomposition (*see* AR. 23). As the Court has already instructed the ALJ to reconsider the medical

opinion evidence, the ALJ shall also reconsider whether plaintiff meets a Listing at step three.

### (4) Whether this matter should be reversed and remanded for an award of benefits or for further administrative proceedings.

Plaintiff contends that this matter should be reversed and remanded with a direction to award benefits (*see* Dkt. 10, pp. 15-17).

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen*, 80 F.3d at 1292). An award of benefits is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman*, 211 F.3d at 1178 (quoting *Smolen*, 80 F.3d at 1292). Here, outstanding issues must be resolved, including reevaluating the medical opinion evidence, plaintiff's credibility, and whether or not plaintiff can perform past relevant work or other work

existing in the national economy. *See Smolen*, 80 F.3d at 1292. Accordingly, remand for further consideration is warranted in this matter.

CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.  **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 21 2016, as noted in the caption.

Dated this 29th day of September, 2016.

J. Richard Creatura
United States Magistrate Judge