UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAHIR ZULFIQAR,

                Plaintiff,

   v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

                Defendant.

Case No. C16-526-RAJ

**ORDER ON MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES**

Plaintiff, Tahir Zulfiqar, appealed the denial of his application for Disability Insurance Benefits (DIB). Dkt. 2. On September 29, 2016, the Court issued a Report and Recommendation (R&R) recommending remand of this matter for further proceedings. Dkt. 15. By order dated November 28, 2016, this court adopted the R&R and reversed and remanded the matter for further administrative proceedings. Dkt. 16. Plaintiff now seeks an award of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $9,000.32.[2] Dkts. 18, 19, 20. The Commissioner opposes the motion on the grounds that some of the fees

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

[2] Plaintiff includes an additional $20.73 in his attached timesheet but does not explain the basis for that charge nor does he request that additional fee in his motion. Dkts. 18, 20-1. Accordingly, the Court is unable to properly consider the reasonableness of that additional fee and, therefore, declines to award it.

ORDER ON MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES - 1

plaintiff requests are unreasonable.[3]  Dkt. 21.  For the reasons discussed below, the plaintiff's motion for EAJA attorney fees is **GRANTED** in part and **DENIED** in part.

**DISCUSSION**

An EAJA fee award must be reasonable.  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  The Court must also consider "the results obtained … when determining whether EAJA fees requested by a prevailing party for an unsuccessful appeal are reasonable."  *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir.1998).  "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government.  *Hensley*, 461 U.S. at 434.  A prevailing plaintiff is also entitled to reasonable fees for the time expended in litigating the EAJA fees request.  *Commissioner, INS v. Jean*, 496 U.S. 154, 165–66, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (awarding EAJA fees for fee litigation).  A party seeking fees under the EAJA "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley*, 461 U.S. at 437.  However, "the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

The Commissioner challenges the reasonableness of some of the fees sought.  Dkt. 21.

---

[3] The Commissioner does not argue that plaintiff should be denied fees on the grounds that the Commissioner's position was substantially justified.

The Commissioner contends that "[p]laintiff's itemized time sheet includes hours that were excessive, redundant, or otherwise unnecessary." *Id.* at 2. Specifically, the Commissioner argues that billing 11.5 hours to review the administrative record, which at 563 pages was not unusually lengthy, in addition to 3.5 hours to review the unfavorable decisions, Appeals Council denial and to listen to hearing audio tapes from 2012 and 2014, was unreasonable. *Id.* The Commissioner requests a reduction of 7 hours related to this billing. *Id.* Spending 3.5 hours to review the ALJ decision for potential errors and arguments, the Appeals Council decision, and listen to the recordings of two hearings lasting approximately 1 hour and 10 minutes does not, in and of itself, seem unreasonable to the Court. Dkt. 20-1. However, spending an additional 11.5 hours purely to review the comparatively short 563 page administrative record does appear excessive. *Id.* In particularly this request seems excessive in light of the fact that plaintiff's counsel had already listened to the hearing tapes and reviewed the ALJ's and Appeals Council decisions (which make up approximately 90 pages of the administrative record), and then requested a separate and additional 25.35 hours solely to prepare the opening brief.[4] *Id.*; Dkt. 8 at 1-90.

This request also appears excessive when compared to awards in similar cases. *See Hensley*, 461 U.S. at 434 ("the District Court [ ] should exclude from this initial fee calculation of hours that were not 'reasonably expended'"), 430 n.3 and 434 n.9 ("the district court also may consider other factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (CA5 1974) ...." such as "awards in similar cases"); *see, e.g., Stearns v. Colvin*, 14-cv-5611, 2016 WL 730301 at *6 (W.D. Wash., Feb. 24, 2016) (discussing nineteen EAJA awards in

---

[4] Plaintiff refers to this time in his timesheet as preparing the Motion for Summary Judgment but appears to be referring to preparation of the opening brief. Dkt. 20-1.

social security cases and noting a range of 7.6 hours to 25.4 hours for review of the file and completion of the opening brief). The plaintiff does not offer any explanation for the large amount of time spent solely in reviewing the comparatively short administrative record, nor does this case appear to involve particularly complex issues that might justify expending additional time on that task. *See Hensley*, 461 U.S. at 437 (party seeking EAJA fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"), 430 n.3 and 434 n.9 (in determining an award "the district court also may consider" other factors including "the novelty and difficulty of the questions"); *and see Stearns*, 2016 WL 730301 at *6 (finding a reduction in fees appropriate in part because "[t]he facts, record, and arguments made … in this particular case were not so unusual or complex to require … such a high number of attorney hours."). Accordingly, the Court finds a 4 hour reduction to be appropriate here and allows a total of 7.5 hours for review of the administrative record.

The Commissioner also contends the plaintiff requested an unnecessary amount of time to draft and file the complaint. Dkt. 21 at 3. The Commissioner argues that the complaint is a standard document in social security cases and that plaintiff's request of 2.75 hours to draft and revise the complaint is unreasonable. *Id.* The Commissioner contends a 2 hour reduction would be appropriate. *Id.* The Court agrees that this request appears excessive in light of the fact that the complaint seems to be largely boilerplate with very few facts included with respect to this specific case. *See* Dkt. 2. The plaintiff does not offer any further explanation for the large amount of time spent on this apparently straight forward, routine task. Accordingly, the Court finds a 1.75 hour reduction is appropriate here and allows a total of 1 hour. *See, e.g., VonBerckefeldt v. Astrue*, 09-cv-1927, 2011 WL 274290 at *8 (E.D. Ca. July 14, 2011) (finding "1.5 hours for preparation and filing of a boilerplate complaint … excessive and …[allowing] 1.0

ORDER ON MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES - 4

1 | hour.")

Finally, the Commissioner contends the 1.45 hours plaintiff requests for reviewing the scheduling order and calendaring dates in this case was excessive in light of the fact that the scheduling order was only three pages long. Dkt. 21 at 3. The Commissioner requests a 1 hour reduction. *Id.* The Court agrees that 1.45 hours to review a three page order and calendar three dates is excessive. The plaintiff, again, does not offer any further explanation for the large amount of time spent on this apparently short, simple task. Accordingly, the Court agrees with the Commissioner that a 1 hour reduction is appropriate here and allows a total of .45 hours.

In sum, the Court finds a reduction of 6.75 hours to plaintiff's requested total of 46.95 hours to be appropriate in this case. Accordingly, plaintiff is entitled to fees of $7,706.34 representing 40.2 hours of work.

**CONCLUSION**

For the foregoing reasons, the plaintiff's motion for EAJA attorney fees (Dkt. 18) is **GRANTED** in part and **DENIED** in part. Plaintiff is awarded attorney's fees in the amount of $7,706.34 under 28 U.S.C. § 2412(d) (EAJA). Subject to any offset allowed under the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of this award shall be made to plaintiff's attorney. Any check for EAJA fees shall be mailed to plaintiff's counsel, Matthew T. Russell, Esq., at Russell & Hill, PLLC, 3811-A Broadway, Everett, WA 98201.

DATED this 2nd day of May, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge